| | |
|---|---|
| LESTER RICHARD ESTENSEN,<br><br>Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 4:17-CV-04071-KES<br><br><br>REPORT & RECOMMENDATION |

## INTRODUCTION

Movant, Lester Richard Estensen, has filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. See Docket No. 1.[1] Now pending is a motion to dismiss by respondent the United States of America ("government"). See Docket No. 24. Mr. Estensen filed a response to the motion. Docket 26. This matter has been referred to this magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) & (B) and the October 16, 2014, standing order of the Honorable Karen E. Schreier, United States District Judge. The following is this court's recommended disposition of the government's motion.

## FACTS

Mr. Estensen was charged in an indictment with possession with intent to distribute a controlled substance. See United States v. Estensen, CR No. 12-40136, Doc. 2. Mr. Estensen made his initial appearance on December 6, 2012, at which time Jason Tupman of the Federal Public Defender's Office was

---

[1] Within this opinion the court cites to documents in Mr. Estensen's civil habeas case by simply citing the court's docket number for that document. Documents filed in his criminal case will be cited "CR No."

appointed as counsel for Mr. Estensen.  See CR Docket Nos. 6 & 8.  A few days later Mr. Tupman discovered a conflict of interest and withdrew.  Richard Engels was appointed as substitute counsel on December 12, 2012.  CR. Docket Nos. 12 & 13.  Then, on January 17, 2013, Jack DerHagopian filed his notice of appearance as retained counsel for Mr. Estensen. CR Docket No. 18.

A superseding indictment was filed on March 6, 2013, which charged Mr. Estensen with possession with intent to distribute a controlled substance. CR Docket No. 23.  The parties ultimately reached a plea agreement and on June 3, 2013, Mr. Estensen pleaded guilty to the superseding indictment.  CR Docket Nos. 31 & 37.  Sentencing was set for August 26, 2013.  CR Docket No. 38.

Mr. DerHagopian filed objections and clarifications to the presentence report on behalf of Mr. Estensen.  CR Docket No. 39.  Sentencing occurred on August 26, 2013.  Mr. Estensen was sentenced to 240 months' imprisonment and 10 years' supervised release.  CR Docket Nos. 40 & 41.  Several motions to reduce Mr. Estensen's sentence were granted and his sentence was ultimately reduced to 94 months' imprisonment.  See CR Docket Nos. 42-53. The second amended judgment was filed on June 2, 2015.  CR Docket No. 53. Mr. Estensen did not file a direct appeal.

Mr. Estensen filed his first 2255 motion on May 23, 2016, seeking a sentence reduction under Johnson[2] and claiming his counsel was ineffective. Mr. Estensen did not specify how his counsel was ineffective, other than to state, "counsel failed to investigate possible outcomes—plea vs. trial."  See

---

[2] Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015).

Estensen v. United States, Civ. 16-4064, Docket 1, p. 5 (D.S.D.).  The district court dismissed the case noting Mr. Estensen was not entitled to a sentence reduction under Johnson and finding his claim of ineffective assistance of counsel was time-barred.  Id. at Docket No. 11.

Mr. Estensen filed his current motion to vacate, correct or set aside his sentence on May 25, 2017.  See Docket No. 1.  Mr. Estensen once again alleges ineffective assistance of counsel and seeks to withdraw his guilty plea.  In the instant petition, Mr. Estensen asserts his trial counsel was ineffective because during the plea process, counsel had a medical condition and was allegedly abusing prescription pain medication.   In this pending case, Mr. Estensen articulates his ineffective assistance claim more fully:

> Had counsel been performing under prevailing professional norms he would have sought a plea agreement with less severe consequences.  Counsel should have negotiated with the U.S. Attorney the amounts of drugs alleged.  Had counsel been successful, the term of imprisonment of 120 months may have been the high end of the original guideline.  Had counsel not been under the influence of drugs, Estensen's decision to plead guilty may not have happened.  Estensen believes the evidence of (sic) trial would be insufficient to prove quantity of drugs.  Counsel told Estensen to plead to all of the accusation or probably serve a life sentence.   This advice left Estensen with no choice.  Innocent or not  . . . a life sentence was too big a risk.

See Docket 1, p. 7.

Mr. Estensen makes various other assertions of alleged ineffectiveness, including his counsel's failure to show him the presentence report, failure to file objections to the presentence report, failure to secure appropriate downward departures for substantial assistance under Rule 35, and failure to

secure the appropriate downward adjustment pursuant to 18 U.S.C.

§ 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines.[3]

## DISCUSSION

### A.    Scope and Procedure Applicable to a § 2255 Motion

Section 2255 of Title 28 of the United States Code provides, in relevant

part, as follows:

> (a)  A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authority authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Section 2255 of Title 28 of the United States Code was enacted to

supersede habeas corpus practice for federal prisoners.  Davis v. United States,

417 U.S. 333, 343-44 (1974).  Prior to the enactment of § 2255, habeas claims

had to be brought in the district where the prisoner was confined, resulting in

overburdening those districts where federal correctional institutions were

located and presenting logistical issues because the record in the underlying

criminal case was often in a distant location.  United States v. Hayman, 342

---

[3] This was the motion for sentence reduction in which Mr. Estensen argued for a reduction to 75 months but the government asserted that under Amendment 782 the proper calculation should result in a sentence reduction to 94 months.  The district court granted Mr. Estensen's motion for the reduction, but agreed with the government's position that the proper calculation resulted in a new sentence of 94 months, not Mr. Estensen's requested 75 months.  Mr. Estensen was represented by the federal public defender at that stage of the proceedings.  See CR Docket 51 (brief signed by Federal Public Defender); Docket 53 (amended judgment reducing sentence to 94 months dated June 2, 2015, effective November 1, 2015).

U.S. 205, 212-16 (1952). The enactment of § 2255 resolved these issues by requiring that the motion be filed in the sentencing court. Id.

The scope of a § 2255 motion is seemingly broader than the scope of a habeas petition, the latter of which is typically limited to allegations of a constitutional dimension. Section 2255 allows a federal prisoner to "vacate, set aside or correct" a federal sentence on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." See 28 U.S.C. § 2255. Where the allegation for relief is *not* based on a violation of a Constitutional right or an assertion that the court was without jurisdiction, the Supreme Court has read a "fundamentality" requirement into § 2255--relief is available for only those errors which constitute a "fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428 (1962); see Peguero v. United States, 526 U.S. 23, 27-30 (1999).

Generally, petitioners are precluded from asserting claims pursuant to § 2255 that they failed to raise on direct appeal. United States v. Frady, 456 U.S. 152, 167-68 (1982); McNeal v. United States, 249 F.3d 747, 749 (8th Cir. 2001). When a § 2255 petitioner asserts a claim that is procedurally defaulted because it was not raised on direct appeal, the claim can only proceed after the petitioner has shown either: (1) actual innocence or (2) that the procedural default should be excused because there was both cause for the default and

5

actual prejudice to the petitioner. <u>Bousley v. United States</u>, 523 U.S. 614, 621-22 (1998); <u>McNeal</u>, 249 F.3d at 749. Therefore, barring a claim of actual innocence, a petitioner must show both cause for why he failed to raise an issue on direct appeal as well as actual prejudice caused by the alleged errors.

Appellate courts generally refuse to review claims of ineffective assistance of counsel on direct appeal; such claims are, therefore, properly addressed for the first time in a § 2255 motion such as the one here. <u>See</u> <u>United States v. Lee</u>, 374 F.3d 637, 654 (8th Cir. 2004) (ineffective assistance of counsel claims are not generally cognizable on direct appeal and will be heard only to prevent a miscarriage of justice or in cases where the district court has developed a record on the issue). Therefore, no procedural default analysis is required before examining a claim of constitutionally-deficient counsel. Finally, motions pursuant to § 2255 are also subject to a one-year statute of limitations pursuant to § 2255(f).

**B. This Court Lacks Subject Matter Jurisdiction**

The filing of a second or subsequent petition for habeas relief pursuant to 28 U.S.C. § 2255 by a prisoner serving a federal sentence is sharply circumscribed pursuant to 28 U.S.C. § 2255(h) and § 2244(b)(1)-(3). Specifically, § 2255(h) provides:

> (h)     A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate panel of the court of appeals to contain—
>
> (1)  newly discovered evidence that, if proven and viewed in light of the evidence as whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

See 28 U.S.C. § 2255(h).

§ 2244(b) provides:

(b)    (1)  A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2)  A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

(A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)    (i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

**(3)    (A)  Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.**

See 28 U.S.C. § 2244(b)(1) – (3) (emphasis supplied).  If a § 2255 petition

qualifies as a "second or successive" petition, the failure of a prisoner to first

obtain the order of authorization from the appropriate appellate court deprives

the district court of subject matter jurisdiction to hear the petition.  See Burton v. Stewart, 549 U.S. 147, 157 (2007).

## C.  Mr. Estensen's Petition is Second or Successive

As noted above, Mr. Estensen previously filed a petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in this court on May 23, 2016.  In that petition, Mr. Estensen requested relief pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015), and, as in this § 2255 petition, claimed that his trial counsel was ineffective.  The district court dismissed Mr. Estensen's previous petition with prejudice for two reasons: Mr. Estensen was not entitled to relief under Johnson and his ineffective assistance claims were time-barred pursuant to 28 U.S.C. § 2255(f).  See Civ. No. 16-4064, Docket 11.

The question of whether the court of appeals or the district court decides if a petition is truly "second or successive" is sometimes unclear.  The Supreme Court has explained that district courts must dismiss second or successive petitions for lack of subject matter jurisdiction unless the petitioner has obtained the requisite authorization from the court of appeals; but if an application is not second or successive, it is not subject to § 2244(b) at all and is reviewable in the district court.   See Magwood v. Patterson, 561 U.S. 320, 331 (2010).  The Circuit Court of Appeals for the District of Columbia has stated, "[i]f the petition . . . is not 'a second or successive motion,' then the court of appeals has no role to play at this point in the process; he may and he must seek relief directly from the sentencing court."  In re Moore, 196 F.3d 252, 254 (D.C. Cir. 1999).

But the Supreme Court has also stated, "before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions." Gonzalez v. Crosby, 545 U.S. 524, 530 (2005).

The better practice if a petitioner mistakenly files a second or successive petition in the district court is for the district court to transfer the petition pursuant to 28 U.S.C. § 1631 to the appellate court instead of dismissing. See Askew v. Bradshaw, 636 Fed. Appx. 342, 345 n.1 (6th Cir. 2016) (citing In re Sims, 111 F.3d 45 (6th Cir. 1997) (*per curiam*)). This avoids potential problems with the running of the statute of limitations. Id. However, where a petition is already clearly time-barred, transfer is futile. Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) ("there is no reason to raise false hopes and waste judicial resources by transferring a case that is clearly doomed, for example because the statute of limitations had already run when the case was initially filed.").

Mr. Estensen's petition is clearly second or successive. His claims of ineffective assistance of counsel are, or at least appear to be, the same as the claims he made in his first petition. In his current petition, Mr. Estensen acknowledges that "generally" he is not allowed to file a second or successive petition until he obtains permission from the court of appeals. See Docket 1, p. 2. He also asserts that because he has been "diligently pursuing" his ineffective assistance claims, they should not be considered second and/or successive. Id. at p. 7.

The most generous reading of Mr. Estensen's current petition seems to suggest that he did not know the extent of his trial lawyer's alleged incompetency until after his first § 2255 petition was dismissed. Mr. Estensen intimates his claims should not be time-barred because he did not discover, or could not have discovered his lawyer's alleged incompetence until it was too late. That argument, however, goes to whether the statute of limitations should be tolled under 28 U.S.C. § 2255(f)(4),[4] not to whether this petition is second or successive under § 2255(h).

In order to bring his petition before this court to argue his claims should not be barred by the statute of limitations, Mr. Estensen must still first obtain permission from the court of appeals to do so under the very narrow circumstances outlined by § 2244(b)(1)-(3). This is because Mr. Estensen has already had one § 2255 petition alleging ineffective assistance dismissed by this court—both on the merits and because that petition was untimely.

Only *after* Mr. Estensen persuades the court of appeals that his petition fits within the narrow circumstances outlined in § 2244(b)(1)-(3) may he return to this court to argue the merits of his claims, and that his failure to file on time should be excused because he could not have, with due diligence, discovered the facts relevant to these current claims within one year under § 2255(f)(4). Mr. Estensen must present his petition to the court of appeals to decide whether he has met the necessary qualifications under § 2244(b)(1)-(3)

---

[4] 28 U.S.C. § 2255(f)(4) provides that the one-year statute of limitations runs from the latest of: (4) the date on which the facts supporting the claim or claims presented could have be discovered through the exercise of due diligence.

for second or successive petitions.  Unless and until Mr. Estensen obtains permission from the court of appeals to file his current claims, this court is without jurisdiction to consider them.  Burton, 549 U.S. at 157.

## CONCLUSION

Based on the foregoing facts, law and analysis, this magistrate judge respectfully recommends that the government's motion to dismiss [Docket No. 24] be granted and that Mr. Estensen's § 2255 petition [Docket No. 1] be dismissed without prejudice, pending permission by the Eighth Circuit Court of Appeals to file a second or successive § 2255 petition.

## NOTICE OF RIGHT TO APPEAL

The parties have fourteen (14) days after service of this report and recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  See FED. R. CIV. P. 72; 28 U.S.C. § 636(b)(1)(B).  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Id.  Objections must be timely and specific in order to require de novo review by the district court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED December 6, 2017.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge