UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| LESTER RICHARD ESTENSEN,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 4:17-CV-04071-KES<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE |

Petitioner, Lester Richard Estensen, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Docket 1. The respondent now moves to dismiss that motion. Docket 24. The matter was assigned to United States Magistrate Judge Veronica L. Duffy under 28 U.S.C. § 636(b)(1)(B) and this court's October 16, 2014, standing order. Magistrate Judge Duffy recommends that the respondent's motion to dismiss be granted and Estensen's motion be dismissed. Docket 27. Estensen, rather than filing an objection, filed a motion for expansion of record, or evidentiary hearing, or summary judgment. Docket 29. For the following reasons, the court adopts Magistrate Judge Duffy's report and recommendation (Docket 27), grants respondent's motion to dismiss (Docket 24), and denies Estensen's motion (Docket 29).

**STANDARD OF REVIEW**

The court's review of a Magistrate Judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil

Procedure. The court reviews de novo any objections to the magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

## DISCUSSION

### I. The Report and Recommendation

Under 28 U.S.C. § 2244(b)(3)(A), a second or successive application for habeas relief can only be filed in district court if it is authorized by the court of appeals. Without authorization, the district court must dismiss the petition. 28 U.S.C. § 2244(b)(4). Because Estensen previously filed a petition for habeas relief that was denied, he needs to obtain authorization from the Eighth Circuit Court of Appeals to file a second petition before this court can exercise jurisdiction over the matter. See *Estensen v. United* States, No. 4:16-cv-4064-KES, docket 11 (D.S.D. August 16, 2016). Estensen has not filed such a motion with the Eighth Circuit Court of Appeals. But Estensen argues in his motion that his current action is not a second or successive petition because he did not know the extent of his defense lawyer's ineffective assistance until after his first § 2255 petition was dismissed. Docket 29. This argument is irrelevant to a finding of whether the petition is second or successive. Rather, this argument goes to whether or not the statute of limitations should be tolled under 28 U.S.C. § 2255(f)(4). Estensen needs to make this argument to the Eighth

Circuit and obtain authorization from that court to file a second petition. After de novo review, the court finds that Estensen's motion is a second or successive petition. As a result, it is dismissed.

II.  **Estensen's Motion**

Estensen moves for expansion of the record, an evidentiary hearing, or summary judgment. Docket 29. Under Rule 7(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the court "may direct the parties to expand the record by submitting additional materials relating to the motion." Here, expansion of the record is not warranted under Rule 7. There are no relevant issues remaining that require materials not currently available.

"A district court may deny an evidentiary hearing where (1) accepting the petitioner's allegations as true, the petitioner is not entitled to relief, or (2) 'the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.' " *Guzman-Ortiz v. United States*, 849 F.3d 708, 715 (8th Cir. 2017) (quoting *United States v. Sellner*, 773 F.3d 927, 929–30 (8th Cir. 2014)). Here, an evidentiary hearing is not required because the record shows that Estensen is not entitled to relief.

The district court must dismiss a second or successive application for habeas relief when there is no Eighth Circuit authorization. 28 U.S.C. § 2244(b)(4). Because Estensen offers no sound legal basis for his motion for summary judgment, the motion is denied.

### III. Certificate of Appealability

Before denial of a § 2255 motion may be appealed, a petitioner must first obtain a certificate of appealability from the district court. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). A certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(2). A "substantial showing" is one that demonstrates "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court finds that Estensen has not made a substantial showing that his constitutional rights were denied. Consequently, a certificate of appealability is not issued.

Thus, it is ORDERED:

1. Estensen's motion for expansion of record, or evidentiary hearing, or summary judgment (Docket 29) is denied.
2. The report and recommendation (Docket 27) is adopted.
3. Respondent's motion to dismiss (Docket 24) is granted. Estensen's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Docket 1) is dismissed.
4. A certificate of appealability is not issued.

DATED this 4th day of January, 2018.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE